UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-66-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| CHRISTOPHER M. STREIT | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina and the United States Attorney for the Southern District of Iowa, ("Government") and the Defendant, CHRISTOPHER M. STREIT, with the concurrence of the Defendant's attorney, James B. Craven, III, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1. This Memorandum constitutes the full and complete record of the plea agreement. There are no other terms of this agreement in addition to or different from the terms herein.

2. The Defendant agrees:

   a. To waive Indictment by the Grand Jury and to plead guilty to the one Count Criminal Information herein.

   b. To make restitution to any victim in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. The Defendant understands that the Court may order the Defendant to make restitution despite the agreement by both parties,

as stated in paragraph 4(g) of this agreement, that fashioning an order of restitution would prove burdensome pursuant to 18 U.S.C. §§ 3663A(c)(3) and (B).

c.  To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence of imprisonment in excess of the advisory Guideline range, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The Defendant acknowledges that the advisory Guideline sentence mentioned above is not a promise of any particular sentence and is <u>not</u> binding on the Court. The Defendant agrees that should the sentence imposed exceed the advisory Guideline range, this would not affect the

2

validity of the guilty plea, but merely would allow the Defendant to appeal a sentence in excess of the applicable advisory Guideline range. The foregoing appeal waiver does not constitute a waiver by the United States of any of its rights to appeal provided by law.

d. To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

e. To assist the Government in the recovery and forfeiture of any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the Defendant has any interest or control. Specifically, pursuant to 17 U.S.C. § 506(b), the Defendant agrees to voluntarily forfeit property seized from his residence on April 21, 2004, including:

    (1) Tower Computer with no brand name;

    (2) Dell Latitude CP-X Laptop Computer,

3

Serial No. 11091072;

  (3) Carviar 31200 Hard Disk Drive;

  (4) Quantum Hard Disk Drive; and

  (5) Approximately 668 CD and DVD individual diskettes with pirated content, numerous new and used CD and DVD diskettes, computer literature, manuals and warranties, storage cases, power cords, electrical wire connectors and various zip drives.

f. The Defendant further agrees to sign any documents necessary to effectuate the forfeiture and waives any further notice. In addition, the Defendant forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Information. The Court has jurisdiction over the disposition of such items and may order the investigative agency to dispose of the items in such manner as provided by the agency's regulations.

g. To pay a special assessment of $100.00 for each count, pursuant to the provisions of 18 U.S.C. § 3013. The assessment shall be paid by the Defendant prior to the return of the signed Plea

4

Agreement to the United States Attorney's Office. The Defendant or Defendant's counsel shall mail a check in payment of the assessment directly to the Clerk, United States District Court, Eastern North Carolina. Counsel shall provide a copy of the check or money order with the signed Plea Agreement to the United States Attorney certifying compliance with this provision.

h. To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

i. To abide by any conditions of release pending sentencing and report timely for service of sentence.

j. To testify, whenever called upon to do so by the Government, fully and truthfully in any proceeding, and to disclose fully and truthfully in interviews with Government agents, information concerning all conduct related to the Criminal Information and any other crimes of which the Defendant has knowledge. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant

5

at any judicial proceeding, including trial and sentencing, if the Defendant withdraws from this plea agreement and fails to proceed with his Rule 11 hearing, or subsequent to the Rule 11, seeks to withdraw from this plea agreement and proceed to trial.

k. If the Defendant provides false, incomplete, or misleading information or testimony, this would constitute a breach of this Agreement by the Defendant, and the Defendant shall be subject to the prosecution for any federal criminal violation. Any information provided by the Defendant may be used against the Defendant in such a prosecution.

l. To submit to a polygraph examination whenever requested by the Office of the USA-EDNC. The results of these examinations will be admissible only at the Defendant's sentencing, and at any hearing as to whether there has been a breach of this agreement. The Government may rely on these results in determining whether the Defendant has fulfilled any obligation under this agreement.

m. The Defendant admits that the infringement amount attributable to his criminal conduct in this case

is between $10,000 and $30,000.

3. The Defendant understands:

   a. That as to each Count of the Criminal Information to which the Defendant is pleading guilty, the charge, code section, elements, and applicable penalties are as follows:

   **Count One**

   (1) Charge: Criminal Copyright Infringement

   (2) Date of offense: Between January 2003-April 21, 2004

   (3) Code: 17 U.S.C. § 506(a)(1) & 18 U.S.C. § 2319(b)(1)

   (4) Elements:

   First: a copyright exists for the infringed work;

   Second: the defendant infringed the copyright by reproduction or distribution of the copyright protected work;

   Third: the defendant acted willfully;

   Fourth: the defendant infringed at least 10 copies of one or more copyrighted works with a total retail value of more than $2,500 within a 180 day period; and

   Fifth: the defendant infringed said copyright protected material for commercial advantage or private financial gain.

   (5) Maximum term of imprisonment: Five Years.

   (6) Minimum term of imprisonment: None.

   (7) Maximum term of supervised release: Three Years.

   (8) Maximum term of imprisonment upon revocation

7

of supervised release: Two Years.

(9) Maximum fine: $250,000.00.

(10) Restitution pursuant to 18 U.S.C. §§ 3663 and 3663A, and as agreed to in paragraph 2(b) and paragraph 4(g) of this agreement.

(11) Special assessment: $100.00.

(12) Other penalties: Forfeiture.

b. That any sentence imposed will be without parole.

c. That the Court will take into account, but is not bound by, the applicable Sentencing Guidelines, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is a prediction not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw the plea of guilty.

d. That, unless Defendant is found unable to pay, the Court will impose a fine, and failure to pay it will subject Defendant to additional criminal and civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4. The Government agrees:

a. That it reserves the right to make a sentence recommendation.

b. That it reserves the right at sentencing to present any evidence and information pursuant to 18 U.S.C. § 3661, to offer argument or rebuttal,

8

to recommend imposition of restitution, and to respond to any motions filed by the Defendant.

c. That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Criminal Information; however, this obligation is limited solely to the USA-EDNC and the USA-SDIO and does not bind any other state or federal prosecuting entities.

d. That it will make known to the Court at sentencing the full extent of the Defendant's cooperation, including whether the Government deems the Defendant to have substantially assisted authorities, but the Government is not promising to move for departure pursuant to 18 U.S.C. § 3553(e) or U.S.S.G. §5K1.1.

e. Pursuant to U.S.S.G. §1B1.8, that self-incriminating information provided by the Defendant pursuant to this agreement shall not be used against the Defendant in determining the applicable Guideline range, except as provided by §1B1.8 and except as stated in this agreement. The Government will not, however, withhold from the United States Probation Office any evidence concerning relevant conduct.

f. That the USA-EDNC agrees not to use any information provided by the Defendant pursuant to this agreement to prosecute him or her for

additional crimes, except for crimes of violence, and not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

 g. The Government and the Defendant agree to recommend to the Court that the complication and prolongation of the sentencing process resulting from fashioning an order of restitution outweighs the need to provide restitution to any victims, pursuant to Title 18, Sections 3663A(c)(3) and (B).

5. The parties agree to the following positions as to sentencing factors, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the Government is no longer bound to its position as to those factors:

 a. Pursuant to Section 2B5.3, the base offense level for criminal copyright infringement is eight (8).

 b. Pursuant to Section 2B5.3(b)(1), the base offense level should be increased by four (4) levels.

 c. Section 2B5.3(b)(2) does not apply.

10

d.  The government will recommend that the defendant receive a two (2) level reduction pursuant to Section 3E1.1(a).

This the /sT day of April, 2005.

FRANK D. WHITNEY
United States Attorney

CHRISTOPHER M. STREIT
Defendant

BY: THOMAS B. MURPHY
Assistant United States Attorney
Criminal Division

JAMES B. CRAVEN, III
Attorney for the Defendant

CONDITIONALLY APPROVED, this // day of April, 2005.

JAMES C. FOX
Senior United States District Judge

11