IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

FILED
AUG 2 3 2005
FRED L. BORCH III, CLERK
BY US DISTRICT COURT, EDNC
DEP. CLK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 5:05 CR 66-F |
| | ) | |
| vs. | ) | |
| | ) | |
| CHRISTOPHER M. STREIT, | ) | <u>SENTENCING MEMORANDUM</u> |
| | ) | |
| Defendant | ) | |

For the reasons set forth in the attached copy of the August 2, 2005 letter from the defendant's counsel to Erik J. Graf, USPO, the defendant contends that pursuant to Section 4A1.3(b), Federal Sentencing Guidelines, the seriousness of his criminal history and/or the likelihood that he will commit other crimes are substantially over represented by his placement in Criminal History Category III, and that a downward departure to Criminal History Category I would not only be fair and reasonable here, it would also present a more accurate picture of the defendant.

In addition, we contend that a downward departure pursuant to Section 5H1.6 is warranted here, for the unusual reason that the defendant is the sole support of his wife and stepson, and she is not yet authorized to work in the United States, as discussed in the August 2 letter to Erik J. Graf, USPO. The Application Note and Commentary to Section 5H1.6 are helpful in this case. The Court must of course consider the factors in Application Note 1(A). As for the seriousness of the offense, all felonies are serious offenses. However, in contrast to the felony offenses we see day in and day out, this felony offense would appear to be toward the less serious end of the bell-shaped curve. No members of the defendant's family were involved in the offense, nor is

anyone in any danger as a result of the offense. As for the factors set out in Application Note 1(B), all four apply here. <u>Booker</u> of course leaves the Court more free to consider factors such as family responsibilities than was the case prior to January 12, 2005. Nonetheless, even pre-<u>Booker</u> we suggest that a downward departure under Section 5H1.6 is not unwarranted here, as the defendant's wife's immigration status does make the family support issue extraordinary. See for example <u>United States v. Johnson</u>, 964 F.2d 124($2^d$ Cir. 1992); <u>United States v. Rose</u>, 885 F.Supp.62 (EDNY 1995); <u>United States v. Concepcion</u>, 795 F.Supp.1262 (EDNY 1992); <u>United States v. Newell</u>, 790 F.Supp.1063 (ED Wash. 1992); <u>United States v. Handy</u>, 752 F.Supp.561 (EDNY 1990); <u>United States v. Jebara</u>, 313 F.Supp.2d 912 (ED Wisc. 2004); <u>United States v. White</u>, 301 F.Supp.2d 289 (SDNY 2004); <u>United States v. Mateo</u>, 299 F.Supp.2d 201 (SDNY 2004); and <u>United States v. Velez</u>, 249 F.Supp.2d 7169 (ED Va. 2002).

A straight probationary sentence pursuant to Section 5B1.2(a)(1) would not be inappropriate here. At most we suggest the sentence should not exceed probation under Section 5C1.1(c)(3), with home detention as a condition.

Respectfully submitted,

_____
Attorney for the Defendant
NC State Bar 997

2

JAMES B. CRAVEN III
Attorney at Law   P.O. Box 1366   Durham, N.C. 27702   (919) 688-8295

## CERTIFICATE OF SERVICE

I have this day mailed a copy of this Sentencing Memorandum to Government counsel, as follows:

>Thomas B. Murphy, Esquire
>Assistant U.S. Attorney
>U.S. Courthouse, Suite 800
>310 New Bern Avenue
>Raleigh, NC 27601

This 22nd day of August 2005.

*/s/ James B. Craven III*
James B. Craven III

# JAMES B. CRAVEN III
ATTORNEY AT LAW

CYNTHIA C. KEITH
LEGAL ASSISTANT

LIBERTY MARKET BUILDING
349 WEST MAIN STREET
P. O. BOX 1366
DURHAM, NC 27702
(919) 688-8295
FAX (919) 688-7832

August 2, 2005

Mr. Erik J. Graf
U.S. Probation Officer
U.S. Courthouse – Room 308
2 Princess Street
Wilmington, NC 21401-3958

  Re: <u>United States v. Streit</u>
    No. 5:05 CR 66-1 F

Dear Erik:

  Thanks for the presentence report on Chris Streit, who I represent and who is to be sentenced by Judge Fox on September 6 in Wilmington. We do indeed have some objections, none factual.

  Pursuant to Section 4A1.3(b), we believe that Criminal History Category III substantially over-represents the seriousness of the defendant's criminal history <u>or</u> the likelihood that he will commit other crimes. We believe a downward departure to Criminal History Category I is warranted. Chris Streit's entire prior record consists of four convictions, on guilty pleas, to a charge of Driving While License Revoked, one in Carteret County and three in Wake County, though it is worth noting that he got a PJC in Wake County on the most recent one this summer. <u>All</u> of these stem from the speeding ticket he got in 1999 in Sullivan County, New York. In that case he was fined $60, but for whatever reason did not pay the fine until 2004. He apparently thought it had been paid and went back and forth with the folks in New York until paying it, perhaps again in 2004. Unfortunately Chris could not get a North Carolina license because North Carolina and New York have a reciprocity agreement, and DMV here kept picking up on the unpaid $60 fine in Sullivan County, New York. Of course Chris would have been well advised to go back to Sullivan County, New York personally in 1999 and pay the $60 fine in $20 gold pieces if that's what it took. Heaven knows it has cost him that much, many times over. And of course now his North Carolina record is of no help to him in getting a license here. I do

not however think that his ordeal with DMV really shows much in the way of criminal proclivity, and that Category I would not be inappropriate here.

By the same token, pursuant to Section 4A1.1(d), two points were added as Chris was on probation for DWLR in Wake County during the period January 11, 2002 – January 11, 2004, i.e. during a portion of the time charged in the criminal information filed in the Southern District of Iowa. Again, as above, I think a fair application of Section 4A1.3(b) justifies a downward departure to Criminal History Category I.

In United States v. Fletcher, 15 F.3d 553 (6th Cir. 1994), Fletcher was being sentenced for bank robbery and had a prior record of sorts, but only for nickel-dime misdemeanors. The Court held a downward departure for overrepresentation of his criminal history justified. The Court also noted Fletcher's sole responsibility for support of this elderly parents. See also United States v. Weaver, 920 F.2d 1570 (11th Cir. 1991) and United States v. Collins, 815 F.2d 618 (11th Cir. 1990).

In United States v. Hughes, 825 F.Supp.866 (D. Minn. 1993), the court in Minnesota held that the defendant's prior conviction for stealing two packs of cigarettes was simply not serious enough to warrant placing him in Criminal History Category II. See also United States v. Carroll, 966 F.Supp.392 (D. Md. 1997); United States v. Nowicki, 252 F.Supp.2d 1242 (D.N.M. 2003); United States v. Risso, 279 F.Supp.2d 1001 (E. D. Wis. 2003); United States v. Swan, 327 F.Supp.2d 1068 (D. Neb. 2004); United States v. Rosche, 239 F.Supp.2d 858 (E. D. Wis. 2002); and United States v. Anderson, 955 F.Supp.935 (N. D. Ill. 1997).

Significantly the court in Wisconsin in United States v. Hammond, 240 F.Supp.2d 872 (E. D. Wis. 2003) noted that there can be no exhaustive list of factors a court should consider in determining whether the seriousness of a defendant's criminal history or the likelihood of recidivison is overrepresented by his designated criminal history category, so as to support a downward departure under the Sentencing Guidelines, since criminal history departures under Section 4A1.3(b) permit the court to put the defendant's record in the context of his life and background.

Since United States v. Booker, 543 U.S. ____, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), sentencing courts have been free to consider matters once off limits, e.g. family circumstances. As noted above, the Sixth Circuit even before Booker, in United States v. Fletcher, 15 F.3d 553 (6th Cir. 1994) allowed the consideration of the fact, for purposes of Section

4A1.3(b), that the defendant had the sole support responsibility for his elderly parents. In this case, as noted in the presentence report, in Paragraph 32 at Page 8, Chris Streit is the sole financial support of his wife, Felicia Charles Streit and his 12 year old stepson, Maurizo Lewis, because of her immigration status. She is a Guyanan national, lawfully in the United States and of course married to Chris since April 23, 2004, but her current visa does not allow her to work. Once she gets lawful permanent resident or green card status, she will be able to work. For now Chris supports all three by his dual cook/bartender job at Rum Runners in Raleigh. Felicia by the way has been a godsend to Chris, and I think serving as a father figure to her son has been good for Chris too.

A downward departure under Section 4A1.3(b) to Criminal History Category I would produce an applicable advisory Guideline range, at 10/I, of 6 – 12 months. As that range is in Zone B, the Court would under Section 5C1.1(c)(3) have the option of a sentence of probation, with six months of home detention as a condition. Under Booker though, the Court could also pursuant to Section 5B1.2(a)(1) sentence Chris Streit to a term of straight probation of 1 – 5 years. I think a sentence of say 2 – 3 years probation would be reasonable, and I doubt the Government would disagree.

At this point I do not know if the Government will file a substantial assistance motion under Section 5K1.1, though I hope they will. If so, much of this will be academic.

Many thanks again. Enclosed is the acknowledgement form

Very truly yours,

James B. Craven III

JBCIII/jkl
Enclosure
Cc: Thomas B. Murphy, Esquire
    Clement J. McGovern, Esquire
    Mr. Christopher M. Streit